UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAMON S. LEE,

                Plaintiff,

    v.

LEHMAN,

                Defendant.

Case No. C04-5817RJB

REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Noted for December 31, 2004

       This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff is a resident at the Washington State Department of Social and Health Services' ("DSHS") Special Commitment Center ("SCC"). He has filed a civil rights complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $150.00 or file a proper application to proceed *in forma pauperis*. Because plaintiff's motion indicates that he has sufficient funds with which to pay the filing fee, the undersigned recommends the court deny his motion.

## DISCUSSION

       The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an

1  application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*,
2  375 U.S. 845 (1963).

3  By requesting the court to proceed *in forma pauperis*, plaintiff is asking the government to incur
4  the court filing fee because he is allegedly unable to afford the costs necessary to proceed with his civil
5  rights action. On December 1, 2004, the clerk received plaintiff's complaint and motion to proceed *in*
6  *forma pauperis*. (Dkt. #1).

7  Plaintiff's motion indicates that he earns $200.00 a month working for DSHS and has $200.00 in
8  account at the SCC. While plaintiff's motion also indicates he has financial obligations in the amount of
9  $500.00 a month, he is only required to pay $50.00 a month toward that obligation. Further, plaintiff
10 states he has no dependents or otherwise indicates he is responsible for the costs of his support and care
11 during his stay as a resident at the SCC. Thus, it is not unreasonable to expect him to use some of the
12 $200.00 he earns each month working for DSHS and the $200.00 he has in his SCC account to pay the
13 court filing fee.

## CONCLUSION

15 Because plaintiff appears to have sufficient funds with which to pay the filing fee, the undersigned
16 recommends the court deny his application to proceed *in forma pauperis*. Accordingly, the undersigned
17 also recommends the court dismiss plaintiff's complaint unless he pays the required $150.00 filing fee
18 **within thirty (30) days** of the court's order.

19 Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b),
20 the parties shall have ten (10) days from service of this Report and Recommendation to file written
21 objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those
22 objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit
23 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **December**
24 **31, 2004**, as noted in the caption.

25 Dated this 7th day of December, 2004.

/s/ Karen L. Strombom
KAREN L. STROMBOM
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2