UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAMON S. LEE,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSEPH LEHMAN,<br><br>    Defendant. | Case No.  C04-5817RJB<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for March 18, 2005 |

  This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff in this case is an inmate at the Washington State Department of Social and Health Services' Special Commitment Center.  Plaintiff filed an application to proceed *in forma pauperis* (Dkt. # 1), but has since paid the court filing fee.  Accordingly, the Court should deny the application.

## DISCUSSION

  A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  See 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed in forma pauperis.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

  On December 21, 2004, the Clerk received plaintiff's complaint and motion to proceed *in forma pauperis.* (Dkt. #1).  On December 7, 2004, the undersigned issued a report and recommendation

REPORT AND RECOMMENDATION
Page - 1

1  recommending plaintiff's motion be denied, as it appeared he had sufficient funds with which to pay the
2  court filing fee. (Dkt. #3). On January 18, 2005, plaintiff paid the filing fee, and this matter has been re-
3  referred to the undersigned. (Dkt. #9). Because plaintiff has paid the filing fee, however, his application to
4  proceed *in forma pauperis* is therefore moot.

## CONCLUSION

Because plaintiff has paid the court filing fee, the undersigned recommends that the Court deny his application to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), petitioner shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **March 18, 2005**, as noted in the caption.

DATED this 23rd day of February, 2005.

      /s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2